UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent/Plaintiff,<br><br>　　v.<br><br>PHILBERT COLE,<br><br>　　　　　Petitioner/Defendant. | Case No. 2:15-cr-00090-KJD-PAL<br>No. 2:20-cv-01182-KJD<br><br>ORDER |

Presently before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#68). The Government filed a response in opposition (#80) to which Petitioner replied (#86).

I.    Factual and Procedural Background

On April 29, 2014, Movant Philbert Cole ("Defendant" or "Cole") entered a jewelry store in Las Vegas, wearing a long black wig, hat, gloves, and sunglasses. He pointed a gun at a store employee while instructing the other employees and store patrons to get down on the floor. Cole demanded the jewelry behind the display cases be placed in his backpack. He fled the scene with an estimated $545,000 worth of items. Days later, Cole entered another jewelry store and did the same thing– robbed the store while pointing a gun at the store employee. Cole robbed a third jewelry store in the same manner a couple of weeks later.

On May 20, 2015, pursuant to a plea agreement, Cole pled guilty to a five-count criminal indictment charging him with conspiracy to interfere with commerce by robbery ("Hobbs Act conspiracy") in violation of 18 U.S.C. § 1951 (Count One); three counts of Aiding and Abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Counts 2, 3, and 4); and one count of use of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count 5). He was sentenced to a total of 110 months.

Cole brings the present motion asking the Court to vacate his sentence in light of the recent Supreme Court decision in United States v. Davis, 139 S. Ct. 2319 (2019). Cole argues that pursuant to Davis, Hobbs Act robbery and aiding and abetting Hobbs Act robbery is not a crime of violence.

II.     Legal Standard

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief.

Hobbs Act robbery makes it illegal to obstruct, delay, or affect commerce or the movement of commerce by robbery or extortion. 18 U.S.C.A. § 1951(a). In relevant part it states:

> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Id. The Ninth Circuit has ruled that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A). United States v. Dominguez, 954 F.3d 1251, 1255 (9th Cir. 2020); United States v. Mendez, 992 F.2d 1488 (9th Cir. 1993).

Section 924(c) carries heightened criminal penalties for defendants who use, carry, or possess a firearm during and in relation to a "crime of violence." Section 924(c)(3) provides:

> the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause is considered the "elements clause" and the second is considered the "residual

clause." On June 24, 2019, the Supreme Court held in <u>Davis</u>, that the "residual clause" in the definition of a "crime of violence," 2018 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. <u>Davis</u>, 139 S. Ct. at 2336.

The Ninth Circuit has held, post-<u>Davis</u>, by clear and binding mandate, that Hobbs Act robbery remains a crime of violence under the elements clause. <u>United States v. Knight</u>, No. 21-10197, 2023 WL 34698, at *2 (9th Cir. Jan. 4, 2023); <u>Young v. United States</u>, 22 F. 4th 1115, 1122-23 (9th Cir. 2022); <u>see also United States v. Watson</u>, 881 F.3d 782 (9th Cir. 2018). The Ninth Circuit has also held that there is no distinction between aiding and abetting and that "it is simply one means of committing the underlying crime" and that aiding and abetting a crime of violence categorically qualifies as a crime of violence, even after <u>Davis</u>. <u>Young</u>, 22 F. 4th, at 1123.

III.  Analysis

Cole argues that his sentence should be vacated because it violates his constitutional rights pursuant to the Supreme Court's decision in <u>Davis</u>. (#68, at 19). He argues that Hobbs Act robbery itself is not a crime of violence, and that aiding and abetting Hobbs Act robbery is not a crime of violence under the elements clause. <u>Id.</u> at 8, 13.

At the time Cole filed the present motion, in June of 2020, the Ninth Circuit nor the Supreme Court had resolved whether aiding and abetting Hobbs Act robbery was a crime of violence under the elements clause of § 924(c). However, the Ninth Circuit has squarely held that (1) Hobbs Act robbery is a crime of violence, and (2) there is no distinction between aiding and abetting liability and liability as a principal. <u>Young</u>, 22 F. 4th at 1123. These rulings, which are binding on this Court, directly contradict Cole's arguments.

IV.  Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; <u>Allen v. Ornoski</u>, 435 F.3d 946, 950-951 (9th Cir. 2006); see also <u>United States v.Mikels</u>, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of

appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Cole has not met his burden in demonstrating any of the above. The Ninth Circuit has disposed of his arguments in clear fashion.

V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#68) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, No. 2:20-cv-01182-KJD, and close that case;

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

DATED this 10th day of July 2023.

Kent J. Dawson
United States District Judge